IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| Leopold O.V. Enwonwu, | ) | C/A No. 3:10-858-CMC-PJG |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | **REPORT AND RECOMMENDATION** |
| Branch Banking & Trust Co.; House of Raeford Farms, Inc., d/b/a House of Raeford Columbia Farms; Allan Risinger; and Eric Liles, | ) ) ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

The plaintiff, Leopold O.V. Enwonwu ("Enwonwu"), a self-represented lawyer, filed this civil rights action pursuant to 42 U.S.C. §§ 1981, 1982, and 1985 against Branch Banking & Trust Co. and Allan Risinger (together the "BB&T Defendants") and House of Raeford Farms, Inc. d/b/a House of Raeford Columbia Farms and Eric Liles (together the "Columbia Farms Defendants"). Enwonwu's claims appear to arise from his frustrated attempt to finance and purchase a chicken farm.

This matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC for a Report and Recommendation on the defendants' motions to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF Nos. 20 & 24.) Pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), the court advised Enwonwu of the summary judgment and dismissal procedures and the possible consequences if he failed to respond adequately to the defendants' motions. (ECF Nos. 22 & 25.) Enwonwu filed a response opposing the defendants' motions. (ECF No. 27.) The Columbia Farms Defendants filed a reply. (ECF No. 29.)

Having carefully reviewed the parties' submissions and the applicable law, the court finds that the Amended Complaint must be dismissed.

## DISCUSSION

**A.    Rule 12(b)(6) Standard**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) examines the legal sufficiency of the facts alleged on the face of the plaintiff's complaint. Edwards v. City of Goldsboro, 178 F.3d 231, 243 (4th Cir. 1999). To survive a Rule 12(b)(6) motion, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). The "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " Ashcroft v. Iqbal, 129 S. Ct. 1937, 1953 (2009) (quoting Twombly, 550 U.S. at 570). A claim is facially plausible when the factual content allows the court to reasonably infer that the defendant is liable for the misconduct alleged. Id. When considering a motion to dismiss, the court must accept as true all of the factual allegations contained in the complaint. Erickson v. Pardus, 551 U.S. 89, 94 (2007).

This court is required to liberally construe *pro se* complaints. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Such *pro se* complaints are held to a less stringent standard than those drafted by attorneys,[1] id.; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319

---

[1] Since Enwonwu is a "lawyer by training," (see Am. Compl. ¶ 18, ECF No. 11 at 7), it is questionable whether the legal standard governing *pro se* pleadings applies. Regardless, liberal construction of Enwonwu's Complaint as a *pro se* pleading does not change the court's recommendation regarding these motions.



(1972). When a federal court is evaluating a *pro se* complaint, the plaintiff's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

Nonetheless, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. See Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so; however, a district court may not rewrite a complaint to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the plaintiff's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

**B.    Enwonwu's Amended Complaint**[2]

The Amended Complaint contains three causes of action: (1) a claim under 42 U.S.C. §§ 1981 and 1982 against the BB&T Defendants; (2) a claim under 42 U.S.C. § 1981 and 1982 against the Columbia Farms Defendants; and (3) a conspiracy claim under 42 U.S.C. § 1985 against all defendants. Section 1981 essentially ensures to all citizens of the United States the same rights to make and enforce contracts as are enjoyed by white citizens. 42 U.S.C. § 1981. To assert a claim under § 1981, a plaintiff must "establish both that the defendant intended to discriminate on the basis

---

[2] Enwonwu filed an Amended Complaint on April 26, 2010 pursuant to Rule 15(a)(1) governing amendments as a matter of course.

*PJG*

of race, and that the discrimination interfered with a contractual interest." Denny v. Elizabeth Arden Salons, Inc., 456 F.3d 427, 434 (4th Cir. 2006).

Section 1982 similarly prohibits race discrimination in the purchase and sale of land or goods. 42 U.S.C. § 1982; Hunter v. Am. Gen. Life & Accident Ins. Co., 375 F. Supp. 2d 442, 445 (D.S.C. 2005) (observing that § 1982 is aimed at remedying race discrimination relating to property while § 1981 protects against a refusal to enter a contract on the basis of race). As with a § 1981 claim, a plaintiff must assert facts showing intentional discrimination on the basis of race. See DAG Petroleum Suppliers, L.L.C. v. BP P.L.C., 268 Fed. Appx. 236 (4th Cir. 2008) (unpublished) (citing Denny, 456 F.3d at 434). Finally, § 1985(3), pled by Enwonwu in the third cause of action, prohibits conspiracy to deprive a citizen of equal protection under the law. 42 U.S.C. § 1985(3). It too requires a showing of intentional class-based discrimination. See Smith v. Coffy, C/A No. 2:08-0201-PMD-BM, 2009 WL 3805296, *5 (D.S.C. Nov. 12, 2009) (unpublished) (citing Thomas v. Roach, 165 F.3d 137, 146 (2d Cir. 1999); Griffin v. Breckenridge, 403 U.S. 88, 102 (1971)); see also Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995).

Although the Amended Complaint contains extensive factual allegations related to the transaction at issue, nowhere in it does Enwonwu allege any facts that state a plausible claim for relief under the civil rights statutes upon which he rests his claims. The only fact asserted that arguably relates to these statutes is his allegation that he is a Black United States citizen of Nigerian origin. (Am. Compl. ¶ 4, ECF No. 11 at 3.) It is clear in this Circuit, however, that the assertion of membership in a minority class alone is insufficient to properly plead a civil rights violation under these statutes. See Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009); Jordan v. Alternative Res. Corp., 458 F.3d 332 (4th Cir. 2006).

Further, in addition to the want of facts alleging intentional discrimination, Enwonwu's § 1985 claim fails to plead facts stating a plausible claim of conspiracy. See Simmons v. Poe, 47 F.3d 1370, 1376 (4th Cir. 1995) (providing elements of a § 1985(3) claim, including the element of conspiracy); Vaught v. Waites, 387 S.E.2d 91, 95 (S.C. Ct. App. 1989) (requiring factual allegations of, among other things, an agreement and special damages to adequately plead conspiracy).

In response to the defendants' motions, Enwonwu does not address their challenge to the sufficiency of his pleading; rather, he relies upon Rule 56(f) and avers that he needs discovery. (ECF No. 27.) However, Rule 56(f) does not apply to a Rule 12(b)(6) motion that solely attacks the sufficiency of a pleading.[3] See Fed. R. Civ. P. 56(f). Moreover, despite ample time to do so, Enwonwu has not requested leave to further amend his pleading. Accordingly, his Amended Complaint must be dismissed.

## RECOMMENDATION

Enwonwu's Amended Complaint does not satisfy controlling law establishing the pleading standards for the claims he attempts to assert. The court therefore recommends that the defendants' motions to dismiss pursuant to Rule 12(b)(6) (ECF Nos. 20 & 24) be granted.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

September 22, 2010
Columbia, South Carolina

*The parties' attention is directed to the important notice on the next page.*

---

[3] The court observes that no party has submitted material outside the pleadings that would warrant conversion of the defendants' Rule 12(b)(6) motions into motions for summary judgment governed by Rule 56.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).