IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| Leopold O.V. Enwonwu, | C/A NO. 3:10-858-CMC-PJG |
| Plaintiff, | |
| | **OPINION and ORDER** |
| v. | |
| Branch Banking & Trust, Co., House of Raeford Farms, Inc., d/b/a Columbia Farms, Allan Risenger, Eric Liles, | |
| Defendants. | |

This matter is before the court on Defendants' motions to dismiss Plaintiff's complaint. Dkt. Nos. 20, 24. That complaint alleges claims for violation of 42 U.S.C. §§ 1981, 1982 and 1985. Defendants' motions are premised on Plaintiff's failure to allege facts which would support a reasonable inference that the complained-of adverse actions were racially motivated.

This action arises out of Plaintiff's failed attempt to finance and purchase a poultry farm. Specifically, Plaintiff challenges the decision of Defendant House of Raeford Farms, Inc., d/b/a Columbia Farms ("Raeford Farms") and its agent, Eric Liles, not to offer him a three-year contract. He also challenges financing-related actions (or inactions) by Branch Banking & Trust, Co. ("BB&T") and its agent, Allen Risenger. Plaintiff alleges that these actions and inactions caused him to lose the opportunity to obtain financing through the Farm Service Agency of the United States Department of Agriculture ("FSA").

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2)(e), DSC, this matter was referred to United States Magistrate Judge Paige J. Gossett for pre-trial proceedings and a Report and Recommendation ("Report"). On September 22, 2010, the Magistrate Judge issued a Report recommending that this matter be dismissed due to Plaintiff's failure to include any

allegations which would raise a reasonable inference of race-based discrimination. Dkt. No. 30. The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Plaintiff filed a twenty-one page objection to the Report. Dkt. No. 35. He also filed two motions after the Report was entered: a short "motion for direction," apparently mailed before he received the Report (Dkt. No. 34); and a motion for summary judgment (Dkt. No. 37). The latter is supported by a thirty-two page memorandum and a sixteen page "statement of undisputed facts." Dkt. No. 37-1 and 37-2.

**STANDARD**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

**DISCUSSION**

As explained in the Report, the allegations of the complaint provide substantial detail as to Plaintiff's dealings with Defendants. For present purposes, the court will assume that these allegations support inferences that (1) Raeford Farms' decision not to enter a three-year contract with Plaintiff (or to rescind any contract evidenced by Liles' January 4, 2010 letter) was unwarranted or improper; (2) BB&T's decision not to offer financing or to provide proper and timely documentation of the denial of financing was also unwarranted or improper; and (3) together or individually, these actions or inactions prevented Plaintiff from obtaining an FSA loan. For reasons explained in the Report, even with these inferences, Planitiff's claims fail because no factual allegations give rise to an inference that any unwarranted or improper actions were racially motivated. Plaintiff's allegations that he is Black and of Nigerian national origin are not enough to support such an inference. *See* Dkt. No. 30 (Report) at 4 ("It is clear in this Circuit . . . that the assertion of membership in a minority class alone is insufficient to properly plead a civil rights violation under

these statutes. See Francis v. Giacomelli, 588 F.3d 186 (4th Cir. 2009); Jordan v. Alternative Res. Corp., 458 F.3d 332 (4th Cir. 2006).")

In his objection, Plaintiff argues that the Report improperly relies on his failure to file a response to the motion to dismiss. As Plaintiff acknowledges, rather than responding with a memorandum, he filed a Fed. R. Civ. P. 56(f) affidavit, asserting that he needed discovery in order to respond to Defendants' motion.[1] Dkt. No. 35 (Objection) at 4-5. Plaintiff argues that this error

---

[1] The Rule 56(f) affidavit states that Plaintiff "need[s] to conduct discovery so as to obtain statistical data and other evidence that will conclusively show that the various acts of the Defendants were not business decisions as said decisions were calculated to discriminate." Dkt. No. 27 at 2

3

was the result of confusion caused by the court's "Roseboro Order" which he construed as converting the motion to dismiss into a motion for summary judgment. Dkt. No. 35 at 3-6.

For purposes of this order, the court accepts Plaintiff's claim of confusion as a valid explanation for his failure to properly respond to the motion to dismiss. The court, therefore, considers all content in the objection as if it had been provided as a timely response to the motion to dismiss. Unfortunately, nothing in Plaintiff's objection gives rise to an inference that Defendants' actions and decisions were racially motivated. As in his complaint, Plaintiff offers nothing more than a hoped-for inference of racial motivation based on the fact that he is Black and of Nigerian national origin.

After filing his objection, and despite earlier claiming a need for discovery to *respond* to a motion he assumed had been converted to a motion for summary judgment, Plaintiff filed his own motion for summary judgment. Dkt. No. 37. This motion is supported by a lengthy memorandum and a "Statement of Undisputed Material Facts." Dkt. Nos. 37-1. 37-2. The court has considered the content of these documents as if offered as proposed amendments to the complaint. The only substantive addition to Plaintiff's claim of discriminatory motivation is an argument that racial motivation should be presumed because Plaintiff's race puts him in a class which is afforded special treatment under the FSA loan program. Dkt. No. 37-1 at 22-23.[2] Based on this, he argues that he

---

(also stating that he needed "information from one or more governmental agencies and other witnesses to substantiate my contentions of discrimination").

[2] In his memorandum in support of summary judgment, Plaintiff mentions his race and national origin a number of times and also includes several bald assertions that the adverse business decisions were racially motivated. Dkt. No. 37-1 at 1, 12, 15, 22, 23, 24, 27, 29, 30. He does not, however, offer any facts from which a reasonable inference of discrimination may be drawn.

4

"does not need to plead that Defendants discriminated against him because of his race for the simple reason that it is his Black race and/or national origin that qualifies him to be considered for the very FSA loan program specifically reserved for the socially disadvantaged farmer that he sought to apply for." *Id.*

The court disagrees. At the least, Plaintiff must allege some facts which give rise to a reasonable inference that the adverse actions (or inactions) were racially motivated, including circumstantial evidence such as that he was treated differently than similarly situated individuals of a different race. *See generally Paterson v. McLean Credit Union*, 491 U.S. 792 (1973) (extending burden shifting proof scheme of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973) to claims under Section 1981, *superseded on other grounds by statute,* Civil Rights Act of 1991).

## CONCLUSION

For the reasons set forth above, the court adopts the reasoning and recommendation of the Report and grants Defendants' motions to dismiss. In light of Plaintiff's substantial subsequent filings, none of which suggest adequate allegations to support a federal discrimination claim or seek leave to file an amended complaint, this dismissal is with prejudice.

**IT IS SO ORDERED.**

        s/ Cameron McGowan Currie
        CAMERON MCGOWAN CURRIE
        UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 10, 2010